■ HENRY J. FISCHER et al., Respondents, v BRIGHT BAY LINCOLN MERCURY, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. JUSTINE LOMENZO, Third-Party Defendant-Appellant-Respondent. [651 NYS2d 625] —In an action, *inter alia,* to recover damages for breach of warranty of

title, the third-party defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Newmark, J.), dated December 18, 1995, as, upon granting that branch of the motion of the defendant third-party plaintiff, Bright Bay Lincoln Mercury, Inc., which was for summary judgment on the issue of liability as to its third-party action against her, is in favor of Bright Bay Lincoln Mercury, Inc., and against her in the sum of $38,604.27. Bright Bay Lincoln Mercury, Inc., cross-appeals, as limited by its brief, from so much of the same judgment as, upon granting the plaintiffs' motion for summary judgment on the issue of liability, is in favor of the plaintiffs and against it in the principal sum of $26,780.41.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which is in favor of the plaintiffs and against Bright Bay Lincoln Mercury, Inc., in the principal sum of $26,780.41, and substituting therefor a provision which is in favor of the plaintiffs and against Bright Bay Lincoln Mercury, Inc., in the principal sum of $21,806.63; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a recalculation of interest.

The plaintiffs purchased an automobile from the defendant, Bright Bay Lincoln Mercury, Inc. (hereinafter Bright Bay), in August 1990. The automobile was initially purchased by Bright Bay from the third-party defendant, Justine Lomenzo. More than one year later, the police learned that the automobile was stolen, and the automobile was subsequently seized. By selling the plaintiffs a stolen automobile, Bright Bay breached an express and implied warranty of title. The plaintiffs commenced this action seeking restitution or damages for breach of warranty of title pursuant to the Uniform Commercial Code. The Supreme Court restored the plaintiffs status quo ante.

When suing for a breach of warranty of title by the seller, the buyer may seek the remedy of restitution or damages (see, Menzel v List, 24 NY2d 91; 5 Corbin, Contracts § 1104, at 558). The purpose of restitution is to put the buyer status quo ante, restoring him to the position that he occupied before the contract was made. The purpose of damages is to put the buyer in the position he would have been had title been as warranted (see, Menzel v List, supra; 12 Williston, Contracts § 1454, at 2 [3d ed 1970]; 5 Corbin, Contracts § 996, at 15). Since Bright Bay breached the warranty of title, the plaintiffs were entitled to restitution and, on that basis, were properly awarded the

purchase price of the vehicle (*cf., Menzel v List, supra; see,* 5 Corbin, Contracts § 1104, at 558).

The plaintiffs, however, were not entitled to the money they expended on installment payments on their automobile loan, since this would entitle them to a windfall by paying them twice for the purchase price of the automobile. Accordingly, so much of the judgment as is in favor of the plaintiffs and against Bright Bay should have been reduced by the amount of $4,973.78 with interest. Copertino, J. P., Joy, Krausman and McGinity, JJ., concur.